IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02478-WJM-KLM

MICHELLE MOLLOY, and unnamed plaintiffs,

    Plaintiff,

v.

CHICO'S FAS, INC.,

    Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion for Leave to Amend Pleadings** [#23][1] (the "First Motion") and **Plaintiff's Motion for Leave to Amend Pleadings** [#32] (the "Second Motion" and collectively with the First Motion, the "Motions"). On February 7, 2014, Defendant filed a Response [#25] to the First Motion. On February 18, 2014, Plaintiff filed a Reply [#26] in further support of the First Motion, which attached a revised version of Plaintiff's proposed First Amended Complaint [#26-1] that was stricken by the Court on March 7, 2014 [#29]. Defendant has not yet filed a response to the Second Motion.[2] Pursuant to 28 U.S.C. § 636 (b)(1) and D.C.COLO.LCivR 72.1(c), the Motions have been referred to this Court for disposition [##24, 33]. The Court has reviewed the Motions, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises.

**A.    The First Motion**

    Because the Second Motion attaches a new version of the proposed amended complaint [#32-1] and was filed after the First Motion, it supercedes the First Motion. Accordingly, the First Motion is moot.

---

    [1] "[#23]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

    [2] The Court may rule on a pending motion at any time. D.C.COLO.LCivR 7.1(d).

1

**B.      The Second Motion**

The parties are obligated to read, understand, and comply with all Local Rules of this Court. D.C.COLO.LCivR 15.1(b) requires, among other things, that "[a] party who files an opposed motion for leave to amend a pleading [ ] attach as an exhibit a copy of the proposed amended pleading which strikes through . . . the text to be deleted and underlines . . . the text to be added." The proposed Amended Complaint [#32-1] attached to the Second Motion does not comply with Local Rule 15.1(b). Plaintiff's failure to comply with Local Rule 15.1(b) is particularly egregious given that in its Response to the First Motion, Defendant alerted Plaintiff to Local Rule 15.1(b)'s requirements. *See Response to First Motion* [#25] at 2.

The Second Motion also fails to comply with D.C.COLO.LCivR 7.1(d) which requires that a contested motion "be supported by a recitation of legal authority incorporated into the motion." Instead, the Second Motion simply restates Fed. R. Civ. P. 15(a)(2). As with Plaintiff's failure to comply with Local Rule 15.1(b), Plaintiff was alerted to the standard the Court applies when considering a party's request to amend a complaint by Defendant in Defendant's Response to the First Motion. *Response to the First Motion* [#25] at 3-4 (citing to *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009)). The Second Motion is subject to denial for its failure to comply with the Local Rules of this Court.

**Plaintiff is warned that violation of any applicable rule or practice standard may result in the striking of any such filings without further notice or imposition of other sanctions.**

Accordingly,

IT IS HEREBY **ORDERED** that the First Motion [#23] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that the Second Motion [#32] is **DENIED without prejudice**.

Dated April 4, 2014