IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02478-WJM-KLM

MICHELLE MOLLOY, and unnamed plaintiffs,

    Plaintiff,

v.

CHICO'S FAS, INC.,

    Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion for Leave to Amend Pleadings** [#37][1] (the "Motion"). Defendant has not yet filed a response to the Motion.[2] Pursuant to 28 U.S.C. § 636 (b)(1) and D.C.COLO.LCivR 72.1(c), the Motion has been referred to this Court for disposition [#38].

    Plaintiff previously filed two motions seeking the same relief [##23, 32]. One of those motions was denied as moot because it was superceded by the second motion. *See Minute Order* [#34] at 1. The second motion was denied without prejudice for failure to comply with D.C.COLO.LCivR 15.1(b) and D.C.COLO.LCivR 7.1(d). *Id.* at 2. The Court's April 7, 2014 Minute Order explained to Plaintiff:

> The Second Motion also fails to comply with D.C.COLO.LCivR 7.1(d) which requires that a contested motion "be supported by a recitation of legal authority incorporated into the motion." Instead, the Second Motion simply restates Fed. R. Civ. P. 15(a)(2). As with Plaintiff's failure to comply with Local Rule 15.1(b), Plaintiff was alerted to the standard the Court applies when considering a party's request to amend a complaint by Defendant in Defendant's Response to the First Motion. *Response to the First Motion*

---

[1] "[#37]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

[2] The Court may rule on a pending motion at any time. D.C.COLO.LCivR 7.1(d).

[#25] at 3-4 (citing to *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009)). The Second Motion is subject to denial for its failure to comply with the Local Rules of this Court.

**Plaintiff is warned that violation of any applicable rule or practice standard may result in the striking of any such filings without further notice or imposition of other sanctions.**

*Id.* at 2 (emphasis in original).

The instant Motion is the same motion the Court referred to in its April 7, 2014 Minute Order with the only modifications being the addition of one sentence and the deletion of one sentence. In paragraph 4, Plaintiff added: "Now mindful of the requirements of rule 15, the attached First Amended Complaint is highlighted to show additions and deletions." Plaintiff also deleted the last sentence of paragraph 7 from the version of the motion filed on March 31, 2014 [#32].

While Plaintiff took the Court's admonition regarding D.C.COLO.LCivR 15.1(b) to heart, it appears Plaintiff did not appreciate the Court's warning regarding her failure to comply with D.C.COLO.LCivR 7.1(d). As the Court previously explained, simply restating Fed. R. Civ. P. 15(a)(2) does not meet Rule 7.1(d)'s requirement that a contested motion "be supported by a recitation of legal authority incorporated into the motion." D.C.COLO.LCivR 7.1(d). As also previously noted by the Court, Plaintiff has no excuse for not knowing the standard the Court applies when considering a motion to amend a complaint because Defendant discussed that standard in its response to one of Plaintiff's prior motions seeking the same relief. *See Response* [#25] at 3-8 (arguing that amendment is futile and that Plaintiff unduly delayed amending her Complaint). Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#37] is **STRICKEN**. If Plaintiff wishes to file an amended complaint, she must file a motion that is supported by a recitation of legal authority pursuant to D.C.COLO.LCivR 7.1(d).

Dated April 16, 2014